1  BARCELÓ, HARRISON & WALKER, LLP
2  Reynaldo C. Barceló, CA State Bar No. 199741
   E-mail: rey@bhiplaw.com
3  2901 West Coast Hwy, Suite 200
   Newport Beach, California 92663
4  Telephone:   (949) 340-9736
   Facsimile:   (949) 258-5752
5
   *Attorneys for Plaintiff and Counterclaim Defendant,*
6  *TMI Products, Inc.*
7  KOLISCH HARTWELL, P.C.
   Owen W. Dukelow, CA State Bar No. 196265
8  E-mail:  owen@khpatent.com
   260 Sheridan Avenue, Suite 200
9  Palo Alto, California  94306
   Telephone:  (503) 224-6655
10 Facsimile:   (503) 295-6679
11 *Attorneys for Defendant and Counterclaim Plaintiff,*
   *Rosen Electronics L.P., f/k/a Rosen Entertainment Systems, L.P.*
12
13              UNITED STATES DISTRICT COURT
14           FOR THE CENTRAL DISTRICT OF CALIFORNIA
15
   TMI PRODUCTS, INC.,                    Case No. 5:12-cv-02263-RGK-SP
16
                    Plaintiff,            **STIPULATED PROTECTIVE**
17                                        **ORDER**
18       v.
19 ROSEN ELECTRONICS, L.P., f/k/a
   ROSEN ENTERTAINMENT
20 SYSTEMS, L.P.
21                    Defendant and
                      Counterclaim
22                    Plaintiff,
23       v.
24
25 TMI PRODUCTS, INC.,
26                    Counterclaim
                      Defendant.
27
28

I.      **PURPOSES AND LIMITATIONS**

The parties, through their respective counsel, hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge and understand that this Order does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

Nevertheless, the parties agree that good cause exists for this Order and that such an order is in the best interest of both parties.

II.     **GOOD CAUSE STATEMENT**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted.

The parties have contractual obligations to third parties to keep certain information confidential.  The parties are obliged by the Federal Rules to produce certain information, which is subject to contractual confidentiality obligations to third parties.  Failure to sufficiently protect such information will create potential liability to the parties.  The parties are also obliged to produce documents containing confidential sales information, including without limitation pricing, discount strategies and supply chain information.  Public disclosure of such information will result in competitive disadvantages to the parties from competitors who learn the parties' confidential business strategies.

III.    **USE AT TRIAL**

This Order governs the use of confidential materials at trial.  All documents designated as trial exhibits shall not be covered by the terms of this Order at the time of trial, even if they are appropriately designated Confidential or Attorneys' Eyes Only, unless the party seeking to maintain the confidentiality of documents makes a showing to the Court of good cause as to why the material should remain

confidential, in advance of trial.   Notwithstanding the above, the Parties will maintain as confidential, in accordance with this Order, all Confidential material exchanged pursuant to this Order before and after trial.

IV.   **CONFIDENTIAL MATERIAL**

Confidential material shall include the following documents and tangible things produced, disclosed, or otherwise exchanged: documents subject to confidentiality agreements with third parties, documents containing sales information, pricing and discount strategies, documents containing or evincing proprietary business methods and strategies and documents evidencing proprietary design techniques.

A.   **SCOPE**

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the restrictions set forth in this Order will not apply to information which is known to the receiving party or the public before the date of its transmission to the receiving party, or which becomes known to the public after the date of its transmission to the receiving party, provided that such information does not become publicly known by any act or omission of the receiving party, its employees or agents, which would be in violation of this Order; provided, further, that the provisions of this paragraph are not self-executing and may not be invoked on a self-help basis.  A party who contends that material designated as confidential (at either level defined herein) under this Order should remain confidential shall have the burden of proving that contention in any proceeding where a confidentiality designation is at issue.

V.     **ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

      A.     **Basic Principles.**

A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.   Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement.   Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

      B.     **Disclosure of Confidential Information or Items.**

Unless otherwise ordered by the Court or permitted in writing by the designating party, any material designated "Confidential," including copies or excerpts thereof, or analyses or reports which pertain thereto, may be made available only to:

      (a)     Attorneys of record for the receiving party and their immediate staff and outside vendors, including e-discovery, graphics, animation, translation, and jury consultant vendors, assigned to and necessary to assist such attorneys in the preparation and trial of these actions, provided such outside vendors agree to maintain the confidentiality of documents pursuant to this Protective Order by signing the Agreement attached hereto as Exhibit A.  A receiving party's outside counsel shall retain any such executed confidentiality agreements, and they need not be disclosed to the producing party;

      (b)     Judges, Magistrates, law clerks and other clerical personnel of the Court before which this action is pending;

      (c)     Independent experts whom the receiving party identifies to the producing party. If the producing party has any objection to the proposed independent expert, it shall notify the receiving party in

writing within ten (10) days of such identification.  The parties will attempt to resolve any difference concerning such independent experts, but if they are unable to do so, the receiving party may seek relief from the Court according to the procedure established in LCR 37.  No disclosure of the information shall be made to the proposed independent expert until after the Court has ruled upon the issue; and

    (d)    Officers and directors of the parties;

    (e)    An author or recipient, including receipt by copy, of any document, information therein, or tangible medium, and solely with respect to the specific document, information therein, or tangible medium; and

    (f)    Any designated Rule 30(b)(6) witnesses of a party producing the document, who is not a current employee of the party, but is identified as an author or recipient, including receipt by copy, of a document, information therein or tangible medium, and who is being examined on the subject of the document.  Parties reserve the right to object and move for protective order to prevent the disclosure of a document to a witness, should such disclosure violate a corporate policy precluding the witness from gaining access to the document.

Materials designated "Attorneys' Eyes Only" as well as any copies or excerpts thereof, or analyses or reports which pertain thereto, may be made available only to persons identified in Section V.B(a) through (c) of this Order.

    C.    **Agreement To Be Bound.**

Each person permitted by the parties or their counsel to have access to designated information under the terms of this Order shall, prior to being given such access, be provided with a copy of this Order for review.  Upon receiving this Order, each person shall sign an "Agreement To Be Bound" (Exhibit A to this Order) indicating that he has read the Order and agrees to comply with its terms, provided, however, that partners and employees of counsel of record as well as officers and

1  personnel of the Court shall be exempt from the requirement to sign the Exhibit A

2  statement.

3               D.   **Filing Confidential Material.**

4        Before filing confidential material or discussing or referencing such material

5  in court filings, the filing party shall confer with the designating party to determine

6  whether the designating party will remove the confidential designation, whether the

7  document can be redacted, or whether a motion to seal or stipulation and proposed

8  order is warranted.   Local Civil Rule 79-5 and Judge Klausner's instructions

9  pursuant to the Court's pilot program (Dkt. No. 37) sets forth the procedures that

10 must be followed and the standards that will be applied in this action when a party

11 seeks permission from the court to file material under seal (*e.g.*, "all proposed sealed

12 documents must be submitted via e-mail to the Judge's Chambers email at

13 RGK_chambers@cacd.uscourts.gov").

14 **VI.   DESIGNATING PROTECTED MATERIAL**

15              A.   **Governing Standards.**

16       Any information produced by any party or nonparty as part of discovery in

17 this action may be designated by the producing party(ies) as "Confidential" or

18 "Attorneys' Eyes Only."  A document should be designated "Confidential" when it

19 contains confidential information (as listed above) that may be reviewed by a

20 designated manager of the receiving party but must be protected against disclosure

21 to unauthorized third parties. A document should be designated "Attorneys' Eyes

22 Only" when it contains trade secrets of a technical nature, such as information

23 relating to product formulas, manufacturing methods, product development plans, or

24 confidential business information such as marketing plans, customer lists, pricing

25 plans, financial statements, supplier identifiers or other information which would put

26 the producing person or entity at a competitive disadvantage if the information

27 become known to the receiving party.

28

B. **Exercise of Restraint and Care in Designating Material for Protection.**

Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

Any document containing only information which is publicly available, including any information which can be ascertained from examination of a product sold by any party, should not be designated as "Confidential" or "Attorneys' Eyes Only."

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

C. **Manner and Timing of Designations.**

Any party or non-party wishing to invoke the confidentiality provisions of this Order as to produced things and documents may designate, in writing, the things and documents (as defined in Rule 34 Fed. R. Civ. P. and Rule 1001 Fed. R. Evid.) or portions thereof which it considers confidential at the time the things and documents are produced. Such designation must be clear and unambiguous.

**(a) Information in documentary form:**

In designating documents (as defined in Rule 34 Fed. R. Civ. P. and Rule 1001 Fed. R. Evid.), the designating party must affix the word(s) "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to each page that contains confidential material.  If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

**(b) Testimony given in deposition or in other pretrial proceedings:**

The witness or his or her counsel may invoke the provisions of this Order by claiming confidentiality in a timely manner and designating the level of restriction. During the deposition, parties shall be excluded only from testimony designated "Attorneys' Eyes Only."  The witness under deposition or his or her counsel may, within ten (10) days of receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential, or change the level of restriction of the transcript or any portion thereof.  During the ten-day (10-day) period, counsel for the parties shall treat the entire transcript as if it had been designated "Attorneys' Eyes Only."  Testimony that has been designated "Confidential" or "Attorneys' Eyes Only" on the record of the deposition shall be transcribed in a separate booklet marked accordingly on each page.

**(c) Other tangible items:**

The producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word(s) "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portions.

D.     **Inadvertent Failures to Designate.**

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure

protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

## VII.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

If, at any time during preparation for trial, any party believes that any other party or non-party has unreasonably designated certain material as "Confidential" or "Attorneys' Eyes Only," or believes that it is necessary to disclose designated material to persons other than those permitted by this Order, and the producing party does not agree to change the designation or to further disclosure, the objecting party may make an appropriate application to this Court in accordance with the procedures established in LCR 37 and upon notice to all parties and to any non-party who designated the material.

## VIII.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that party must:

(a)   Promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)   Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)   Cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

IX.    **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately: (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Agreement to Be Bound" that is attached hereto as Exhibit A.

X.    **NON-TERMINATION AND RETURN OF DOCUMENTS**

Within 30 days after the termination of this action, including all appeals, each receiving party must return all confidential material, including material designated "Attorneys' Eyes Only," to the producing party, including all copies, extracts and summaries thereof.  Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, the attorney of record may retain one (1) copy of any designated documents attached to any pleading filed with the Court.

The confidentiality obligations imposed by this Order shall remain in effect in perpetuity, to the extent permitted by the Court, or until the Court orders otherwise. Pursuant to Section III above, no confidentiality obligations will apply to materials made public during the trial of this action. The parties agree to maintain as confidential any designated materials exchanged during preparation for trial but not made public.

XI.    **CONTINUATION OF OTHER PRIVILEGES AND PROTECTIONS**

This Order shall not prejudice the right of any party or non-party to oppose production of any material on the ground of attorney-client privilege, work product immunity, or any other protection provided under the law.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  September 23, 2013


By:  _____/s/_____
     Reynaldo C. Barceló


BARCELÓ, HARRISON & WALKER, LLP
Reynaldo C. Barceló (199741)
2901 West Coast Hwy, Suite 200
Newport Beach, CA 92663
(949) 340-9736

*Attorneys for TMI Products, Inc.*


By:  _____/s/_____
     Owen W. Dukelow

KOLISCH HARTWELL, P.C.
260 Sheridan Avenue, Suite 200
Palo Alto, California   94306
(503) 224-6655

*Attorneys for Rosen Electronics L.P.,*
*f/k/a Rosen Entertainment Systems, L.P.*


**ATTESTATION REGARDING CONCURRENCE AND AUTHORIZATION BY ALL SIGNATORIES, PURSUANT TO LOCAL RULE 5-4.4.4(a)(2)**


I hereby attest that all other signatories listed above, and on whose behalf the filing is submitted, concur in the content of the foregoing document and have authorized the filing of the same.

Dated:  September 23, 2013        By:  _____/s/_____
                                      Reynaldo C. Barceló


BARCELÓ, HARRISON & WALKER, LLP
2901 West Coast Hwy, Suite 200
Newport Beach, CA 92663
(949) 340-9736

*Attorneys for TMI Products, Inc.*

- 11 -

1    PURSUANT TO STIPULATION, IT IS SO ORDERED.

2    DATED: September 25, 2013.

3

4                                _____/s/_____

5                                  The Honorable Sheri Pym

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

**EXHIBIT A**

**AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on September __, 2013, in the case of *TMI Products, Inc. v. Rosen Electronics, L.P.*, No. 5:12-cv-02263-RGK-SP. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1

## **CERTIFICATE OF SERVICE**

2      The undersigned certifies that all counsel of record who are deemed to have

3  consented to electronic service are being served with a copy of this document via the

4  Court's CM/ECF system and that counsel for each party currently in this litigation

5  have consented to electronic service via the Court's CM/ECF system.

6  Dated:  September 23, 2013          By:    _____/s/_____
                                                Reynaldo C. Barceló
7

8  BARCELÓ, HARRISON & WALKER, LLP
   Reynaldo C. Barceló (199741)
9  2901 West Coast Hwy, Suite 200
   Newport Beach, CA 92663
10 (949) 340-9736

11 *Attorneys for TMI Products, Inc.*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER